UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAQUELL La'RON DIXON,            )
                                 )
            Plaintiff,           )
     vs.                         )      No. 1:11-cv-1068-JMS-DML
                                 )
INDIANAPOLIS METRO POLICE        )
 DEPT., et al.,                  )
                                 )
            Defendants.          )

**Entry Dismissing Legally Insufficient
Claims and Directing Further Proceedings**

**I.**

Plaintiff Jaquell La'Ron Dixon alleges that the Indianapolis Metropolitan Police Department (IMPD), undercover Officer Kellie, Prosecutors Pradeep Nagappa and Stephanie Penninger, and all officers involved in an August 12, 2009, prostitution sting violated his federally secured rights. As a result of the sting operation, Dixon was arrested for patronizing a prostitute and battery. Dixon was released on bond on August 13, 2009, and the criminal case was dismissed on October 8, 2009.

Dixon seeks money damages and unspecified injunctive and declaratory relief. Dixon presents state law claims of "mental distress and mental anguish;" defamation of character, and malicious prosecution. Dixon's federal claims are asserted pursuant to 42 U.S.C. § 1983 and are that he was falsely arrested and imprisoned in violation of the Fourth Amendment. He also alleges that the August 12, 2009, sting operation violated the Equal Protection Clause because it occurred in a predominately poor African American neighborhood and not in other neighborhoods around the Indianapolis metropolitan area.

**II.**

**A.**

Because Dixon is a "prisoner" defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Only the federal claims are evaluated here, however, because if such claims are properly

dismissed under § 1915A(b) the state law claims will be subject to dismissal for lack of jurisdiction. *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994)("when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits").

To satisfy the notice-pleading requirements of the *Federal Rules of Civil Procedure*, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must always . . . allege ›enough facts to state a claim to relief that is plausible on its face.' *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Dixon is proceeding without counsel at present. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

**B.**

Applying the foregoing standards, certain of Dixon's federal claims must be dismissed for failure to state a claim upon which relief can be granted. The circumstances compelling the dismissal of those claims are as follows:

- The claims against the Indianapolis Metropolitan Police Department (IMPD) are treated as against the City of Indianapolis. *Best v. City of Portland*, 554 F.3d 698, fn* (7th Cir. 2009). Nonetheless, all such claims are **dismissed**. Although a municipality is a Αperson≅ subject to suit under ' 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. The plaintiff has alleged no municipal policy or custom concerning any constitutional violations. Thus, he has failed to state a claim upon which relief can be granted as to the City of Indianapolis. This includes any official capacity claim against the defendant individuals, which Αamounts to a suit against the entity of which he is an official." *Baxter v. Vigo County School Corporation,* 26 F.3d 728, 733 n.4 (7th Cir. 1994)(citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).

  - The claims against undercover Officer Kellie are dismissed for failure to state a claim upon which relief may be granted. The only allegations against Officer Kellie is that she is a white female officer who targeted the plaintiff by offering to perform a sexual act in exchange for $20.00. Dixon declined the offer but took Officer Kellie's phone number and said that he would call her on Friday. They said good-bye and shook hands. These allegations are insufficient to state a claim upon which relief can be granted.

- The claims against Prosecutors Pradeep Nagappa and Stephanie Penninger must be dismissed because of the absolute immunity afforded these defendants in representing the State of Indiana, including determining whether to file charges and what charges to file. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir. 2000); *Spiegel v. Rabinovitz,* 121 F.3d 251, 256-57 (7th Cir. 1997). This absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford,* 832 F.2d 895 (5th Cir. 1987). This immunity is not defeated by any circumstances related in the complaint.

Accordingly, the court concludes that, as submitted, the complaint fails to state a claim upon which relief can be granted and **dismisses** the federal claims pursuant to ' 1915A(b).

### III.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009); *see also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] public employees are responsible for their own misdeeds but not for anyone else's.").

Federal claims asserted against "all officers involved in an August 12, 2009, prostitution sting" problematic because there is insufficient allegation of personal liability.

The plaintiff shall have **through December 5, 2011,** in which to supplement his complaint as to "all officers involved in an August 12, 2009, prostitution sting" by stating with respect to each such officer what he or she did or failed to do, through the defendant's own individual actions, which the plaintiff contends violated his federally secured rights.

**IT IS SO ORDERED.**

Date: 11/08/2011

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

Distribution:

JAQUELL La'RON DIXON
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204